IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Earl Robinson, ) | C/A No.: 3:12-1146-MBS-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| John M. McHugh, Secretary, Department ) | |
| of the Army, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The sole issue in this report and recommendation is whether Willie Earl Robinson ("Plaintiff") should be required to pay the filing fee, or whether Plaintiff's financial condition justifies waiver of such payment. All pretrial proceedings in this matter were referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

I. Procedural Background

Plaintiff filed an Application to Proceed without Prepayment of Fees and Affidavit (the "motion"). [Entry #2]. The motion was not clear as to Plaintiff's total annual income because he listed the amount of each paycheck, but did not indicate how often he was paid. *Id.* at 1. On June 22, 2012, the undersigned issued an order directing Plaintiff to clarify his annual income and explain why he could not pay the $350 filing fee. [Entry #9]. In response, Plaintiff acknowledged that payment of the filing fee "is not a hardship." [Entry #14]. Plaintiff further explained:

> I was following instructions from the U.S. Equal Employment Opportunity Commission dated 6 FEB 12. It stated that if I don't have money for an attorney, I may request from the court to appoint me an attorney, and the

court will permit me to file without payment of fees, costs, or other security.[1]

*Id*.

II.  Discussion

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of the federal district courts. *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). However, there is no clear precedent in the Fourth Circuit concerning a magistrate judge's authority to issue an order denying an application to proceed *in forma pauperis*.[2] The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed *in forma pauperis*. *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990). The *Woods* court ruled that a denial of an application to proceed *in forma pauperis* by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *Id*. at 187. The Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373

---

[1]  This court has "discretion to appoint counsel for an indigent in a civil action." *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971); *see also* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) ("[I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases."). It is noted that Plaintiff is not indigent and this case does not present exceptional circumstances.

[2]  The Fourth Circuit has held that absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a plaintiff's motion to proceed *in forma pauperis* is in the district court. *Gent v. Radford Univ.*, 187 F.3d 629 (Table), 1999 WL 503537, *1 (4th Cir. July 16, 1999). However, the court did not specify the standard of review. *Id*.

F.3d 622, 623–25 (5th Cir. 2004). Therefore, the undersigned submits this report and recommendation to preserve Plaintiff's opportunity to obtain a *de novo* review by the district judge on objections.

A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337–44 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D.Tex. 1976), the court enunciated three legal tests used to determine whether a person should proceed *in forma pauperis* under 28 U.S.C. § 1915:

> (1) Is the litigant barred from the federal courts by the reason of his "impecunity"?
>
> (2) Is his access to the courts blocked by the imposition of an undue hardship?
>
> (3) Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute his claim?

*Id.* at 943; *see also Schoenfeld v. Donaghue*, C/A No. 4:07-617-RBH, 2007 WL 1302659, at *3 (D.S.C. May 2, 2007) (denial of *in forma pauperis* status for lack of indigency).

Upon review of the information before the court and mindful of the tests set forth in *Carter*, it does not appear that Plaintiff would be rendered destitute by paying the filing

3

fee of $350, nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Plaintiff's access to the courts. Therefore, the undersigned recommends Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit [Entry #2] be denied.

III.   Conclusion

For the foregoing reasons, it is recommended that the district judge deny Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit. If the district judge accepts this recommendation, Plaintiff would have 30 days from the date of the order denying *in forma pauperis* status to submit the required filing fee.

IT IS SO RECOMMENDED.

August 6, 2012　　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).