IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Willie Earl Robinson, ) | C/A No.: 3:12-1146-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| John M. McHugh, Secretary, ) | |
| Department of the Army, ) | |
| ) | |
| Defendant. ) | |
| ) | |

In this employment discrimination case, the pro se plaintiff, Willie Earl Robinson ("Plaintiff"), an employee of the Department of the Army ("Army"), is suing John K. McHugh in his capacity as the Secretary of the Army ("Defendant"). Plaintiff alleges claims of discrimination under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, et seq. ("RA").

This matter comes before the court on Defendant's motion for summary judgment filed December 2, 2013. [Entry #55]. On December 3, 2013, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion. [Entry #56]. Plaintiff filed a response to the motion on January 15, 2014. [Entry #61]. This matter having been fully briefed, it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion for summary judgment is dispositive, this report and

recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendant's motion and dismiss Plaintiff's complaint in its entirety.

I.  Factual and Procedural Background

Plaintiff began a career in the Navy in 1974. Pl. Dep. 21:14–18 [Plaintiff's deposition may be found at Entry #55-2]. He began working for the Army at Fort Jackson in Columbia, South Carolina, in February 2007 as an accountant in the privatized housing department ("Privatized Housing"). *Id.* at 42:5–19. He remained in his position in Privatized Housing until August 31, 2009, when he accepted an assignment in Qatar and, subsequently, in Korea. *Id.* He contends that he holds a secret security clearance. *Id.* at 43:8–12. He testified that during his federal employment, he has never been disciplined or terminated from any position. *Id.* at 43:13–44:1, 44:22–45:2.

Plaintiff's supervisor in Privatized Housing was Emma Watson. *Id.* at 48:15-22. Plaintiff stated that he never performed any accounting duties in Privatized Housing. *Id.* at 47:20–48:5. Rather, he said he acted as Ms. Watson's personal secretary performing administrative duties. *Id.* at 47:3–8, 48:11–14. He testified that Privatized Housing already had its own accountants and did not need another. *Id.* at 48:1–14. Plaintiff stated that he decided to leave his position in Privatized Housing to go to Qatar because he felt that he was being treated unfairly and was not doing accounting work. *Id.* at 57:6–17. He recalls accepting the position in Qatar in approximately June 2009. *Id.* at 59:16–23.

During his time in Privatized Housing, Plaintiff recalls receiving two performance appraisals from Ms. Watson. *Id.* at 50:7–16. On his first evaluation, Plaintiff recalls

receiving a 2, indicating that he was barely meeting the minimum qualifications for his job. *Id.* at 51:11–19. He said he did not object to that rating because the rating system was new and he did not really understand how it worked. *Id.* at 51:20–25. Plaintiff stated that he received an improved rating of 3 on his second evaluation. *Id.* at 54:6–25.

Plaintiff testified to having a speech impediment. *Id.* at 66:11–12. He stated that he stutters when he gets excited and there is a lot of tension in the room. *Id.* at 66:15–20. He said that at a staff meeting on July 16, 2009, with Ms. Watson and eight co-workers, he began stuttering when it was time for him to present information to the group. *Id.* at 66:2–25, 79:12–25. Plaintiff testified that after he began stuttering, co-worker Leon Terry stood up and mocked him. *Id.* at 67:1–13. Plaintiff said that everyone else in the meeting laughed, including Ms. Watson. *Id.* at 67:15–17.

Plaintiff stated that co-worker Vicky Grier mocked his speech impediment on a weekly basis. *Id.* at 69:10–15. He testified that he never spoke to his supervisor regarding Ms. Grier's behavior and never raised the issue with anyone in management. *Id.* at 72:5–10. Plaintiff also described an incident involving Ms. Grier on July 29,[1] in which there was a disagreement regarding Plaintiff's last day of employment in Privatized Housing. *Id.* at 80:5–81:3, 85:8–22. He recalled Ms. Grier pointing her fingers in his face and saying, "Are you calling me a liar?" *Id.* at 80:16–21. Plaintiff testified that Ms. Grier was harassing him because of his speech impediment. *Id.* at 82:7–23.

Plaintiff recalled a summer intern informing him that at a party on about August

---

[1] Although the year is not provided in the record, the undersigned assumes it was 2009.

16, 17, or 19, she heard people mocking the way Plaintiff spoke. *Id.* at 73:18–23, 75:5–20, 93:6–9. The intern did not tell Plaintiff who did it or what was said. *Id.* at 78:12–20. Plaintiff did not attend the party and none of the other party attendees corroborated the intern's story. *Id.* at 75:11–15, 77:25–78:7.

Plaintiff filed a claim with the Equal Opportunity Commission on August 26, 2009, shortly before leaving his position in Privatized Housing. *Id.* at 59:5–12.

II.     Discussion

   A.     Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972), and *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387

4

(4th Cir. 1990), nor can the court assume the existence of a genuine dispute of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

B.    Analysis

Read liberally, Plaintiff's complaint states claims of disability discrimination and hostile work environment under the RA. *See Cassity v. Geren*, 749 F. Supp. 2d 380, 384 (D.S.C. 2010) (stating that the RA provides the exclusive judicial remedy for claims based upon a federal employee's disability).

1.    Disability Discrimination

A plaintiff may bring a claim under the RA either in the form of a failure-to-accommodate claim or a disparate treatment claim. *See Cochran v. Holder*, 436 F. App'x 227, 231 n.3 (4th Cir. 2011). Because Plaintiff testified that he never requested an accommodation (Pl. Dep. 89:14–16), it appears that he is asserting a disparate treatment claim. To establish disparate treatment under the RA, Plaintiff must first make a prima facie showing that he "(1) is an individual with a disability within the meaning of the [Rehabilitation Act]; (2) is otherwise qualified for the job in question; and (3) suffered an adverse employment action solely because of the disability." *Edmonson v. Potter*, 118 F. App'x 726, 728 (4th Cir. 2004) (citing *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 197 (4th Cir. 1997)). Defendant contends that Plaintiff has failed to establish that he has a disability or that he experienced an adverse employment action. [Entry #55-1 at 6–9].

5

          a.      Disability

The standards used to determine whether an employer has discriminated under the RA are the same standards applied under the Americans with Disabilities Act of 1990 ("ADA"). *Hooven–Lewis v. Caldera*, 249 F.3d 259, 268 (4th Cir. 2001); *see also* 29 C.F.R. § 1614.203(b). Under both the RA and the ADA, a plaintiff can make the requisite showing of a disability in one of three ways: (1) by demonstrating he has "a physical or mental impairment that substantially limits one or more of [his] major life activities," (2) by revealing "a record of such an impairment," or (3) by proving he is "regarded as having such an impairment." 29 C.F.R. § 1630.2(g)(1); *see also id.* § 1614.203(b).

Defendant argues that Plaintiff has failed to show that his speech impediment substantially limits a major life activity. Major life activities include "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 29 C.F.R. § 1630.2(i)(1). In determining whether an impairment is substantially limiting, courts may consider (1) the nature and severity of the impairment, (2) the duration or expected duration of the impairment, and (3) the permanent or long-term impact of the impairment. *Pollard v. High's of Baltimore, Inc.*, 281 F.3d 462, 467–68 (4th Cir. 2002). Pursuant to the Americans with Disabilities Amendments Act ("ADAAA"), "whether an individual's impairment is a disability under the ADA should not demand extensive analysis." Pub.L. No. 110–325, § 2(b)(5), 122 Stat. 3553. The term "'substantially limiting" shall be construed broadly in

favor of expansive coverage" and "is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i).

Because the threshold for establishing the existence of a disability is low following the passage of the ADAAA, the undersigned assumes, without deciding, that Plaintiff has satisfied the first prong of the prima facie case.

      b.  Adverse Employment Action

Defendant next argues that Plaintiff has failed to show that he suffered an adverse action or other harm during his employment at Fort Jackson. [Entry #55-1 at 8–9]. The undersigned agrees. Plaintiff testified that during his federal employment, he has never been disciplined or terminated from any position. *Id.* at 43:13–44:1, 44:22–45:2. He further testified that his performance evaluations improved during his time in Privatized Housing, and he stated that he did not know whether his inability to deliver briefings impacted his evaluations. *Id.* at 51:11–19, 54:6–25, 89:22–25. Because Plaintiff has offered no evidence of an adverse employment action, the undersigned recommends finding that Plaintiff has failed to state a prima facie case of disparate treatment under the RA. The undersigned further recommends that Defendant's motion for summary judgment be granted as to this claim.

     2.  Hostile Work Environment

Plaintiff's complaint also appears to assert a claim of hostile work environment under the RA. To establish such a claim, Plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment was sufficiently severe or

7

pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer. *See Fox v. Gen. Motors Corp.*, 247 F.3d 169, 177 (4th Cir. 2001) (setting out elements of a hostile work environment claim under the ADA); *see also Griffin v. Holder*, C/A No. 4:12-213, 2013 WL 5231523, at *14 (D.S.C. Sept. 13, 2013) (applying the same factors to a hostile work environment claim under the RA).

Defendant contends that summary judgment is appropriate because, even if Plaintiff were able to establish that he was a qualified individual with a disability (which Defendant continues to dispute), he is unable to establish the fourth and fifth elements of the prima facie case. [Entry #55-1 at 9].

            a.      Fourth Element

Defendant argues that Plaintiff has failed to demonstrate that the conduct he complains of was severe or pervasive or that it altered a term, condition, or privilege of his employment. *Id.* at 10–11. To establish this element, Plaintiff must show not only that he subjectively believed his workplace environment was hostile, but also that a reasonable person could perceive it to be objectively hostile. *Equal Employment Opportunity Comm'n v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). A hostile work environment is actionable only when the workplace "is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986)).

8

Plaintiff appears to base his hostile work environment claim on the following three incidents: (1) the staff meeting on July 16, 2009, during which Mr. Terry allegedly mocked Plaintiff, and the meeting attendees, including his supervisor, laughed; (2) the party in August 2009 at which an unspecified person mocked Plaintiff in an unspecified way; and (3) Ms. Grier's alleged mocking of Plaintiff's speech impediment on a weekly basis and calling him a liar regarding his last day of employment with Privatized Housing.

Nothing in Plaintiff's allegations or in the record suggests that any of these incidents, considered alone or collectively, was harassment that was so severe or pervasive as to alter a term, condition, or privilege of employment. Although Plaintiff may have found the conduct insulting, the RA does "not set forth a general civility code for the American workplace" and does not "insulate employees from personality conflicts at work that generate antipathy." *Bowden v. Clough*, 658 F. Supp. 2d 61, 85 (D.D.C. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation and internal quotations omitted). The undersigned, therefore, recommends a finding that Plaintiff cannot establish the fourth element of a hostile work environment claim.

    b.  Fifth Element

Even if Plaintiff could establish the fourth element, Defendant argues that Plaintiff has not presented a factual basis to impute liability for the alleged harassment to Defendant. Plaintiff admitted that he never spoke to his supervisor regarding Ms. Grier's alleged behavior and never raised the issue with anyone in management. *Id.* at 72:5–10.

9

Although he asserts that his supervisor, Ms. Watson, was present at the staff meeting in which Mr. Terry mocked him, he has failed to allege that any action by Ms. Watson prompted the incident or that she possessed information such that she should have prevented the incident from occurring. With regard to the incident at the party, Plaintiff has presented no evidence demonstrating that Ms. Watson was present or was aware of the incident. For these reasons, the undersigned recommends Defendant's motion be granted as to Plaintiff's hostile work environment claim because Plaintiff has failed to establish the necessary elements of the prima facie case.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district court grant Defendant's motion for summary judgment [Entry #55] and dismiss Plaintiff's complaint in its entirety.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 13, 2014                                                Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).